# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **NERISSA PRECIOSO, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **NO. 3:24-cv-00561** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **NATIONAL HEALTH CORPORATION,** | ) | **MAGISTRATE JUDGE HOLMES** |
| **ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court are motions to dismiss filed by Defendants National Health Corporation ("NHC"), Jeffrey R. Smith, Maria Wong, Andrew Huckabay, and Rachel Kamau. (Doc. Nos. 79, 98, 100). Plaintiffs filed responses in opposition (Doc. Nos. 83, 102), and Defendants filed replies (Doc. Nos. 88, 103). For the reasons discussed below, the motions will be **DENIED**.

## I.        FACTUAL BACKGROUND

Plaintiffs are registered nurses who bring claims against all Defendants for violations of the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589 *et seq*. (Count I); the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq*. (Count II); the Civil Rights Act of 1866, 42 U.S.C. § 1981 (Count III); the Tennessee Human Trafficking Act, Tenn. Code Ann. § 39-13-314 (Count VI); the Georgia Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 (Count VII); and fraud (Count X). Plaintiffs also bring claims for violations of the Virginia Overtime Wage Act, Va. Code § 40.1-29.2 and the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. against Defendant NHC (Counts V and VIII) and for breach of contract

against Defendants NHC and Jeffrey Smith (Count IX) and Defendant Infinity Care Partners, LLC (Count IV).

Plaintiffs allege that Defendants recruited hundreds of nurses in the Philippines to work at NHC facilities in the United States and that Defendants "have built multi-million-dollar businesses on the backs of the indentured servitude of these foreign nurses, who are lied to, underpaid, and forced to work in unsafe conditions, putting their careers, their professions, and their patients' health and safety in jeopardy" and that "[t]o keep the nurses from leaving, Defendants have commenced or threatened baseless legal action, changes to immigration status, and serious financial harm if these nurses stop working for Defendants" and Defendants "do this in part through illegal contracts that offer no way for the nurses to leave their employment and demand upwards of $40,000 – often more than these nurses' net annual pay – should the nurses stop working for Defendants for any reason." (Doc. No. 75 ¶¶ 3-5).

Defendants filed the pending motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## II.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as

true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III.    ANALYSIS

The Court has reviewed the parties' briefs and the Second Amended Complaint. Construing the allegations in the light most favorable to Plaintiffs and accepting the allegations in the Second Amended Complaint as true, as the Court must at this stage, the Court finds that Plaintiffs have sufficiently stated claims upon which relief may be granted. Accordingly, Defendants' motions to dismiss are **DENIED**.

## IV.    CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (Doc. Nos. 79, 98, 100) are **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3